IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

R&T ROOFING CONTRACTOR, CORP.,

Plaintiff,

v.

THE FUSCO CORPORATION;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

Defendants.

CIVIL NO. 15-2955 (GAG)

## MEMORANDUM AND ORDER

This diversity suit arises from a roofing contract between Plaintiff R&T Roofing Contractor, Corp. ("R&T") and Defendants The Fusco Corporation ("Fusco") and Travelers Casualty and Surety Company of America ("Travelers") (collectively, "Defendants"). Fusco retained subcontractor R&T to perform roofing work as part of a major construction project to repair and modernize the Clemente Ruiz Nazario Courthouse and the Federico Degetau federal office building in Hato Rey, Puerto Rico. (Docket No. 4 at 2.) The project did not go according to plan, and R&T brought suit. (Docket Nos. 1, 4.)

Nearly a year after initiating this suit, R&T moved to amend its November 30, 2015 Amended Complaint. (Docket No. 52.) This Court denied R&T's motion for leave to amend "at this late stage of proceedings." (Docket Nos. 60.) Presently before the Court is R&T's motion for reconsideration of this Court's order denying the motion to amend the Amended Complaint.[1] (Docket No. 62.) R&T's motion for reconsideration is **DENIED**.

---

[1] R&T's motion for reconsideration also renews its motion to defer ruling on Defendants' motion for summary judgment and renews its request to re-open the discovery process. (Docket No. 62, at 24.) Given the denial of reconsideration for leave to amend the complaint, those requests are denied as well.

**Civil No. 15-2955 (GAG)**

## I. Relevant Factual and Procedural Background

R&T brought this diversity suit against Defendants on November 25, 2015; then quickly filed an Amended Complaint on November 30, 2015. (Docket Nos. 1, 4.) Defendants answered and counterclaimed, moved to dismiss, and moved for a stay pending mediation of the dispute. (Docket Nos. 16, 17, 18.) Among other things, the motion dismiss raised the applicability the Miller Act, 40 U.S.C. § 3133, *et seq.* ("Miller Act") and its limitations period. The motion to stay was referred to Magistrate Judge Camille Vélez-Rivé, (Docket No. 21), who ordered R&T to show cause as to why Defendants' motion to stay should not be granted. (Docket No. 24.) R&T did not respond. The stay was ordered on February 10, 2016. (Docket No. 25.)

Nearly four (4) months later, R&T moved to reopen proceedings because mediation proved unsuccessful. (Docket No. 26.) On June 29, 2016, the parties attended a scheduling conference and established deadlines for discovery and dispositive motions. (Docket No. 36.)

Defendants timely renewed their motion to dismiss. (Docket No. 37.) When R&T failed to respond within the established deadline, Defendants moved to deem the motion to dismiss as unopposed and moved for entry of default. (Docket Nos. 38, 39.) The Court granted Defendants' request to deem the motion as unopposed, but denied entry of default without prejudice. (Docket Nos. 40, 41.) Subsequently, R&T answered Defendants' counterclaim, moved for reconsideration, and requested an extension to respond to the motion to dismiss. (Docket Nos. 42, 43.) The matter was referred to Magistrate Judge Bruce McGiverin, who denied the motion for reconsideration, noting that the deadline exceed the period set by rule. (Docket No. 46.)

On November 1, 2016, Defendants moved for summary judgment. (Docket No. 47.) R&T moved for leave to file an amended complaint on November 7, 2016, but did not respond to Defendants' motion for summary judgment. (Docket No. 52.) After the deadline to oppose

2

summary judgment passed, Defendants moved to deem the summary judgment motion as unopposed. (Docket No. 55.) Then, on November 28, 2016, R&T moved to defer consideration of Defendants' motion for summary judgment under Rule 56(d) of the Federal Rules of Civil Procedure. (Docket No. 57.)

On November 29, 2016, this Court denied R&T's motion to defer consideration and denied Defendants' motion to deem summary judgment as unopposed. (Docket Nos. 59, 61.) Instead, R&T was ordered to respond to the summary judgment motion on or before December 16, 2016. The Court also denied R&T's motion for leave to amend the complaint. (Docket No. 60.) R&T now moves for reconsideration of the Court's denial of leave to amend. (Docket No. 62.)

## II. Discussion

R&T seeks reconsideration of this Court's denial of leave to amend its complaint under Rule 15(a) of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). The Rule 15(a) leave freely given standard is liberal, but not limitless. United States ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 195 (1st Cir. 2015) (citing O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, at 154 (1st Cir. 2004)). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the Court denied R&T's motion for leave to amend, in its discretion, given "this late stage in proceedings." (Docket No. 60.) The circumstances revealed that R&T's undue delay, repeated failure to cure deficiencies, and utter disregard for court deadlines warranted denial of leave. See United States ex rel. D'Agostino, 802 F.3d at 195 (citing Foman, 371 U.S. at 182).

3

**Civil No. 15-2955 (GAG)**

Rule 59(e) motions—which seek to alter or amend a judgment—include motions for reconsideration. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014). "Rule 59(e) relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" Id. (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). However, the motion is not an appropriate mechanism to reiterate previous arguments or assert arguments that could have, or should have, been raised initially. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Moreover, a Rule 59(e) motion does not allow a party to correct its own procedural missteps. Biltcliffe, 772 F.3d at 930 (citing Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)).

R&T presents a number of reasons for the Court to reconsider the denial of leave to amend: this is R&T's first request for a substantive amendment; the case is only one year old; the case was stayed for nearly four (4) months; R&T's delay in bringing the motion to amend was partly Defendants' fault; and R&T was unaware of the Miller Act when the complaint was filed. (Docket No. 62, at 2, 7, 22.) Additionally, R&T stresses the importance of the proposed amendment—invoking federal question jurisdiction under the Miller Act rather than diversity jurisdiction—to support its reconsideration request. Id. at 4.

Notably, R&T presented none of these reasons when initially moving for leave to amend the complaint. (See Docket No. 52.) As a result, these arguments are presented now through the unforgiving vehicle of reconsideration. See, e.g., Biltcliffe, 772 F.3d at 930 ("reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment"). Review of the docket and the applicable law reveals the weaknesses of R&T's basis for reconsideration.

4

**Civil No. 15-2955 (GAG)**

R&T candidly admits "when filing the complaint, [R&T] had no idea that the Miller Act existed[.]"  (Docket No. 62, at 22.)  Lacking knowledge of the Miller Act, R&T believes it is entitled to correct the error now.  However, Defendants directly raised the issue of the Miller Act in their motion to dismiss on February 1, 2016.  (See Docket No. 17-1 at 1, 2.)  Therefore, R&T was on notice of the Miller Act on February 1, 2016, when Defendants directly raised the issue.

Even excusing the initial drafting oversight, R&T delayed nine (9) months to amend the complaint after receiving Defendants' motion to dismiss.  R&T could have, and should have, filed a motion to amend the complaint in February (when Defendants raised the Miller Act issue), or in May (when R&T moved to reopen proceedings after mediation), or at the very least, in July (when Defendants renewed their motion to dismiss).  R&T's "repeated failure to cure" this defect doomed its motion for leave to amend.  See United States ex rel. D'Agostino, 802 F.3d at 195 ("repeated failure to cure deficiencies" is one of many reasons for denial of leave to amend under Rule 15(a)'s leave freely given standard).

When R&T finally sought leave to amend, Defendants' had already moved for summary judgment as per the Court's scheduling orders.  (Docket No. 36.)  Thus, R&T was required to show substantial, convincing evidence to support its motion for leave to amend the complaint.  Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013) (citing Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)).  R&T's three-page motion for leave to amend hardly presented any reason why—after nearly a year—R&T should be permitted to amend its complaint and assert a new cause of action.  Instead, R&T mentioned only that "the Miller Act preempts state law (with exceptions)" and asserted "this Court lacked diversity jurisdiction while having Federal Question Jurisdiction."  (Docket 52, at 2.)  R&T's motion for leave to amend did not present substantial evidence to show that leave to amend was warranted.

5

**Civil No. 15-2955 (GAG)**

Throughout this litigation, R&T missed numerous court deadlines without explanation. Perhaps even worse, R&T repeatedly waited for the deadline to lapse before seeking any extension or other relief. This strategy is plainly ineffective. The Court, in its discretion, found that leave to amend the complaint was not warranted under the circumstances of this case. (Docket No. 60.) R&T's second attempt arguing for leave to amend—now under the rubric of reconsideration—does not persuade the Court that the initial ruling was in error.

### III.   Conclusion

For the foregoing reasons, R&T's motion for reconsideration is **DENIED**. As ordered previously, R&T shall oppose Defendants' pending motion for summary judgment on or before **December 16, 2016**.

**SO ORDERED.**

In San Juan, Puerto Rico, on this 9th day of December, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
