IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

R&T ROOFING CONTRACTOR, CORP.,

Plaintiff,

v.

THE FUSCO CORPORATION;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

Defendants.

CIVIL NO. 15-2955 (GAG)

## ORDER STRIKING SUMMARY JUDGMENT MOTION

This diversity suit arises from a roofing contract between Plaintiff R&T Roofing Contractor, Corp. ("R&T") and Defendants The Fusco Corporation ("Fusco") and Travelers Casualty and Surety Company of America ("Travelers") (collectively., "Defendants"). Fusco retained subcontractor R&T to perform roofing work as part of a major construction project to repair and modernize the Clemente Ruiz Nazario Courthouse and the Federico Degetau federal office building in Hato Rey, Puerto Rico. (Docket No. 4 at 2.) The project did not go according to plan, and R&T filed suit in federal court in November 2015. (Docket Nos. 1, 4.)

Since then, R&T has only occasionally made efforts to litigate this suit. The Court incorporates by reference it's prior Memorandum and Order at Docket No. 65, which recounted this case's procedural history and "R&T's undue delay, repeated failure to cure deficiencies, and utter disregard for court deadlines warrant[ing] denial of leave" to amend its complaint. (Docket No. 65, at 3.) At that time, the Court noted "R&T missed numerous court deadlines without explanation" and often "waited for the deadline to lapse before seeking any extension or other relief." Id. at 6. The Court, in its December 16, 2016 order, was crystal clear: "This strategy is plainly ineffective."

**Civil No. 15-2955 (GAG)**

Id.  Given this background, the Court once again addresses R&T's failure to adhere to this Court's case management deadlines.

Presently before the Court is Defendants' motion to strike R&T's motion for summary judgment. (Docket Nos. 88, 89.) On June 29, 2016, following a scheduling conference, Magistrate Judge Bruce McGiverin set the dispositive motion deadline in this case for November 1, 2016. (Docket No. 36.) On May 24, 2017, over six months after the dispositive motion deadline lapsed—without requesting an extension of time or requesting leave to file the belated motion—R&T moved for summary judgment. (Docket No. 88.) Defendants moved to strike R&T's motion as untimely. (Docket No. 89.) The Court ordered R&T to show cause, on or before June 16, 2017, as to why R&T's motion for summary judgment should not be stricken from the record. (Docket No. 90.) On June 20, 2017, four days after the Court's show cause deadline, R&T belatedly responded. (Docket No. 91.) Defendants responded in opposition to R&T's show cause response. (Docket No. 92.)

The Federal Rules of Civil Procedure endow trial courts with considerable case-management authority, including the power to set pretrial motions deadlines. FED. R. CIV. P. 16(b)(3)(A). The authority to set deadlines entails the authority to enforce deadlines. FED. R. CIV. P. 16(f). For example, a court may impose sanctions upon a party who "fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). Thus, "a litigant who ignores a case-management deadline does so at his peril." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). This includes, but is not limited to, preclusion of an untimely motion. See Torres v. Commonwealth of Puerto Rico, 485 F.3d 5, 10 (1st Cir. 2007) (affirming trial court's preclusion of a motion filed eleven months after the court's dispositive motion deadline); Rosario-Diaz, 140 F.3d at 315-16 (affirming trial court's preclusion of two motions filed eight and fifteen weeks after the dispositive motion deadline).

**Civil No. 15-2955 (GAG)**

R&T's attempts to excuse its belated summary judgment motion are unavailing. First, R&T's show cause response was untimely. The Court ordered R&T to show cause by June 16, 2017; R&T responded four days after that deadline lapsed. (Docket Nos. 90, 91.) R&T has disregarded this Court's deadlines with shocking consistency. Courts are not required to "accept at face value" the excuses offered by litigants who exhibit "a pattern of dilatory conduct." Torres, 485 F.3d at 11. This unexcused and unexplained delay—standing alone—is sufficient grounds for striking R&T's motion from the record.

The substance of R&T's excuse are no more persuasive. R&T justifies the over six-month delay by pinning the blame on Defendant Travelers', who timely answered the complaint on December 22, 2016. If, prior to the November 1, 2016 dispositive motion deadline, R&T felt that it could not adequately file a dispositive motion because Travelers had not yet filed an answer, then the appropriate response would have been to seek an extension of the dispositive motion deadline. They did not. Plus, R&T was on notice of Travelers' affirmative defenses as of February 1, 2016, when Travelers moved to dismiss. (Docket No. 17.) R&T's failure to adhere to court deadlines, coupled with its failure to seek a timely extension, is insufficient to show cause as to the over six-month delay in filing for summary judgment. To sum up, inaction is an ineffective litigation strategy.

Defendants' motion to strike at Docket No. 89 is **GRANTED**. R&T's motion for summary judgment at Docket No. 88 is stricken from the record.

**SO ORDERED.**

In San Juan, Puerto Rico, on this 27th day of June, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

3